UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| LEAH BITAR, Individually and on behalf of all others similarly situated, | Case No. 2:18-CV-1268-LA |
| Plaintiff, | |
| v. | |
| REV GROUP, INC., TIMOTHY W. SULLIVAN, DEAN J. NOLDEN, THOMAS B. PHILLIPS, PAUL BAMATTER, JEAN MARIE CANAN, DINO CUSUMANO, CHARLES DUTIL, JUSTIN FISH, KIM MARVIN, and JOEL ROTROFF, | |
| Defendants. | |
| SETH MARINOFF, Individually and on behalf of all others similarly situated, | Case No. 2:18-CV-1269-LA |
| Plaintiff, | |
| vs. | |
| REV GROUP, INC., TIM SULLIVAN, and DEAL NOLDEN, | |
| Defendants. | |
| RAMANITHARAN RAJARAM, Individually and on behalf of all others similarly situated, | Case No. 2:18-CV-1270-LA |
| Plaintiff, | |
| vs. | |
| REV GROUP, INC., TIMOTHY W. SULLIVAN, DEAN J. NOLDEN, THOMAS B. PHILLIPS, PAUL BAMATTER, JEAN MARIE CANAN, DINO CUSUMANO, CHARLES DUTIL, JUSTIN FISH, KIM MARVIN, JOEL ROTROFF, GOLDMAN SACHS & CO. LLC, BMO CAPITAL MARKETS CORP., JEFFRIES LLC, STIFEL, NICOLAUS & COMPANY, INCORPORATED, MORGAN STANLEY & CO. LLC, ROBERT W. BAIRD & CO. INCORPORATED, CREDIT SUISSE | |

SECURITIES (USA) LLC, DEUTSCHE
BANK SECURITIES INC., and WELLS
FARGO SECURITIES, LLC,

Defendants.

## AIP CF IV, LLC'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS CONSOLIDATED AMENDED COMPLAINT

The Consolidated Amended Complaint (the "Complaint") filed by Lead Plaintiff Houston Municipal Employees Pension System ("Lead Plaintiff") attempts to cobble together securities claims against 20 defendants because the stock price for REV Group, Inc. fell in 2018. As explained in the Motion to Dismiss filed on January 11, 2019 by REV Group, Inc. ("REV Group"), the individual defendants, and the underwriter defendants (collectively, the "Other Defendants"), the Complaint is flawed from start to finish. It does not establish the basic requirements of standing for purposes of Lead Plaintiff's claims under the Securities Act of 1933 (the "1933 Act"). And, as to all of its claims, at no point does Lead Plaintiff allege a single fact that suggests, let alone with particularity would show, that defendants' statements in the January 2017 initial public offering, in the October 2017 secondary public offering, or otherwise were false when they were made. Lead Plaintiff also fails to allege facts raising a cogent and compelling inference of scienter on the part of any defendant that supposedly made false statements to the public that allegedly inflated REV Group's stock price. Rather, Lead Plaintiff asks this Court to engage in hindsight analysis, treat statements of opinion as facts, credit vague statements attributed to anonymous witnesses, and ignore repeated and express cautionary statements in REV Group's offering documents and other public statements—tactics routinely rejected by courts nationwide when reviewing alleged securities violations. This Court should reject Lead Plaintiff's claims. Accordingly, AIP CF IV, LLC ("AIP CF IV") joins the Other Defendants' Motion to Dismiss.

In addition to its failed effort to allege a securities claim by hindsight, Lead Plaintiff added AIP CF IV, an affiliate of REV Group's founding shareholder, as a new party to the Complaint based on two theories. Just like the other claims, they are irreparably flawed. First, Lead Plaintiff claims that AIP CF IV is liable as a so-called "statutory seller" pursuant to Section 12(a)(2) of the 1933 Act (Count II). But this claim fails because AIP CF IV indisputably did not directly sell to or solicit any purchasers in the IPO or SPO. Second, Lead Plaintiff alleges that AIP CF IV is liable as a "control person" (Counts III and V). AIP CF IV's alleged liability under this theory depends entirely on the existence of a primary violation in the first instance by REV Group or the individual defendants. For the reasons set forth by the Other Defendants, the Complaint fails to state a primary violation, and thus Lead Plaintiff's control person claim against AIP CF IV fails. In addition to stating a valid primary claim, Lead Plaintiff must also allege that AIP CF IV actually had control and exercised control. In the 266 paragraph document that is the Complaint, Lead Plaintiff does not allege any facts that AIP CF IV exercised or held the required control under the 1933 Act or the Securities Exchange Act of 1934 (the "1934 Act"). This Court, therefore, should dismiss AIP CF IV.

### I. The Complaint Does Not Allege Facts to Support the Claim that AIP CF IV was an Immediate Seller or Solicitor.

Section 12 of the 1933 Act provides that any person who "offers or sells" a security may be liable to any person "purchasing such security from him." 15 U.S.C. § 77l(a)(2). Lead Plaintiff broadly contends that AIP CF IV (along with REV Group, the Underwriter Defendants, and four individual defendants) offered or sold the securities in the IPO and SPO. (Compl. ¶¶ 237–246.) But a claim under Section 12(a)(2) may be asserted only against "statutory sellers," defined as either (1) immediate sellers; or (2) those who solicit purchases to serve their own financial interests or those of the securities owner. *See Rosenzweig v. Azurix Corp.*, 332 F.3d

2

Case 2:18-cv-01268-LA    Filed 01/11/19    Page 3 of 9    Document 57

854, 871 (5th Cir. 2003); *see also Pinter v. Dahl*, 486 U.S. 622, 642–43, 647 (holding that only "immediate sellers" and "the person who successfully solicits the purchase" can be liable under Section 12(1)).

The Complaint never bothers to allege which category applies to AIP CF IV. Rather, Lead Plaintiff vaguely contends that "Defendants AIP, Marvin, Fish, Cusumano, and Rotroff are named in this Count *in connection with* the IPO and SPO." (Compl. ¶ 240 (emphasis added).) Then later, with even less clarity, Lead Plaintiff asserts that "defendants in this count were sellers, offerors and/or solicitors of sales of the securities offered pursuant to the Prospectuses." (Compl. ¶ 244.) Lead Plaintiff's claim fails in that the Complaint does not allege any facts that would support these conclusory allegations as to AIP CF IV, while ignoring that the offering documents for the IPO and SPO are directly to the contrary.

First, AIP CF IV is not a direct seller under Section 12 because neither Lead Plaintiff nor anyone else in the purported class, for that matter, ever purchased shares directly from AIP CF IV. AIP CF IV did not sell in the IPO at all. IPO Registration Statement, Declaration of Susan E. Lovern ("Lovern Decl.") Ex. A, at 131 (showing equal number of shares owned by AIP CF IV's affiliates before and after the offering).[1] And in the SPO, AIP CF IV's affiliates sold their shares to the underwriters in a "firm commitment" offering, as made clear by documents incorporated into the Complaint by reference: "[E]ach underwriter named below has severally agreed to purchase, and the selling stockholders have agreed to sell to that underwriter, the number of

---

[1] AIP CF IV's affiliates did allocate shares to sell in connection with the underwriters' option to purchase additional shares in the IPO. *Id.* There is no allegation in the Complaint that the option was exercised during the IPO and even if it were, AIP CF IV's affiliates would have sold shares to the underwriters, not to the public.

shares set forth." Ex. SPO Registration Statement, Lovern Decl. Ex. F, at 159.[2] Courts consistently hold that an entity that sells its shares to an underwriter is not a direct seller under Section 12(a)(2). *Shah v. Zimmer Biomet Holdings, Inc.*, No. 3:16-CV-815-PPS-MGG, 2018 WL 4637247, at *20 (N.D. Ind. Sept. 26, 2018) ("The Private Equity Defendants do not dispute that they sold their shares during the June and August 2016 Offerings. But selling to just anyone is not enough. In order to plead a plausible Section 12 claim, a plaintiff must allege that the defendant sold to plaintiffs, and that has not been alleged.'") *Rosenzweig*, 332 F.3d at 871 n.11 ("That is to say, in the case of the typical firm commitment underwriting, the ultimate investor can recover only from the dealer who sold to him or her"). Because Lead Plaintiff could not have purchased any shares from AIP CF IV directly in either the IPO or the SPO as demonstrated by the documents relied upon and referenced in the Complaint, the Court cannot conclude that AIP CF IV was a direct seller for purposes of Section 12(a)(2).

Second, the Complaint does not allege that AIP CF IV solicited anyone. To allege solicitation under Section 12, the Complaint must allege how the defendant actively solicited investors through some direct communication. *Rosenzweig*, 332 F.3d at 871 ("To count as 'solicitation,' the seller must, at a minimum, directly communicate with the buyer"); *In re EveryWare Global, Inc. Sec. Litig.*, 175 F. Supp. 3d 837, 868–69 (S.D. Ohio 2016) (same) (quoting *Rosenzweig*, 332 F.3d at 871); *Shah*, 2018 WL 4637247, at *20 ("Nor have plaintiffs adequately pled that the Private Equity Defendants directly communicated with any plaintiff, encouraging them to purchase any ZBH stock"). Allegations of any direct communication between AIP CF IV and the purchasers in the IPO/SPO are absent from the Complaint.

---

[2] The IPO was also a firm commitment offering. Lovern Decl. Ex. A, at 146.

Because Lead Plaintiff fails to allege that AIP CF IV was a statutory seller within the meaning of the 1933 Act, its Section 12(a)(2) claim (Count II) must be dismissed.

## II. The Complaint Does Not Allege Facts to Support Control Person Liability Against AIP CF IV.

Section 15 of the 1933 Act and Section 20 of the 1934 Act, 15 U.S.C. §§ 77o and 78t respectively, impose liability on a person who directly or indirectly controls a person liable under other provisions of those acts. AIP CF IV's alleged liability under this theory depends entirely on the existence of a primary violation in the first instance by REV Group and the individual defendants. *Pension Tr. Fund for Operating Engineers v. Kohl's Corp.*, 266 F. Supp. 3d 1154, 1169 (E.D. Wis. 2017) (dismissing Section 20(a) claim with prejudice based on failure to state primary violation), *aff'd*, 895 F.3d 933 (7th Cir. 2018). Lead Plaintiff must therefore state a claim alleging a primary violation in order to sustain a claim against AIP CF IV as a purported control person. Because the Complaint fails to plead a claim under the Securities Acts of 1933 and 1934 for the reasons set forth in the Other Defendants' Motion to Dismiss, the "control person" claims under Sections 15 and 20 necessarily fail.

The Court should dismiss the control person claims against AIP CF IV for an additional reason. Lead Plaintiff must also allege that, first, AIP CF IV "actually exercised general control over the operations of the wrongdoer, and second, the control person must have had the power or ability—even if not exercised—to control the specific transaction or activity that is alleged to give rise to liability." *Donohue v. Consol. Op. & Prod. Corp.*, 30 F.3d 907, 911–12 (7th Cir. 1994).[3] Lead Plaintiff must satisfy both prongs, *i.e.*, actual general control over the operations as well as an ability to control the specific acts that are the subject of the Complaint. Further, Lead

---

[3] The test for control person liability under Sections 15 and 20 is the same. *Id.* at 911–12 & n.4.

Plaintiff must plead facts, rather than state legal conclusions, to support these elements. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678–80 (2009). A complaint that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678. The Court must identify and reject allegations "that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. The factual allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level[.]" *Kubiak v. City of Chicago*, 810 F.3d 476, 480 (7th Cir. 2016). Further, under the heightened pleading standard applicable here, the Complaint must allege particularized facts. *See Borsellino v. Goldman Sachs Grp., Inc.*, 477 F.3d 502, 507 (7th Cir. 2007).

As to the first prong of the Seventh Circuit's test, Lead Plaintiff advances a series of conclusory allegations that AIP CF IV "controlled" REV Group, before and after the IPO and SPO, but at no point alleges facts, let alone particularized facts, demonstrating that AIP CF IV actually exercised day-to-day control over REV Group. Lead Plaintiff expects this Court to assume that AIP CF IV's alleged status as a large shareholder, a party to a shareholder voting agreement, or a seller of stock is sufficient. (Compl. ¶¶ 39–42, 59.) It is not. Even before *Twombly* and *Iqbal*, it was not this Court's job to assume unalleged facts. *Associated Gen. Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983) ("It is not, however, proper to assume that the [plaintiff] can prove facts that it has not alleged…); *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992) ("A complaint must at least 'include the operative facts upon which a plaintiff bases his claim.'") (quoting *Rodgers v. Lincoln Towing Service, Inc.*, 771 F.2d 194, 198 (7th Cir. 1985).

Lead Plaintiff fares no better as to the second prong of the test. Lead Plaintiff does not allege any facts that would demonstrate that AIP CF IV "had the power or ability—even if not exercised—to control the specific transaction or activity that is alleged to give rise to liability." *Donohue*, 30 F.3d at 911–12. Instead, Lead Plaintiff alleges that AIP CF IV is liable under Section 15 (Count III) because "AIP participated in the operation and management of the Company as its controlling shareholder." (Compl. ¶ 251.) Even less is alleged in Count V regarding AIP CF IV's status as a supposed control person pursuant to Section 20: "The Exchange Act Individual Defendants and AIP acted as controlling persons within the meaning of Section 20(a) of the Exchange Act as alleged herein." (*Id.* ¶ 264.) Curiously, the remainder of the paragraph and the next do not mention AIP CF IV at all. (*Id.* ¶¶ 264–65.) Instead, they simply contain a series of conclusory allegations about the "influence and control" of other defendants. (*Id.*) As a result, the allegations do not state a plausible, much less particularized, claim that AIP CF IV had the power or ability to control the specific disclosures and transactions upon which Lead Plaintiff's alleged primary claim is based. *Starr v. !Hey, Inc.*, 2003 WL 21212596, at *4 (N.D. Ill. May 23, 2003) (dismissing control person claim against shareholders because no facts were pled regarding power or ability to control transaction); *Wafra Leasing Corp. 1999-A-1 v. Prime Capital Corp.*, 204 F. Supp. 2d 1120, 1126 (N.D. Ill. 2002) (holding that "day-to-day management and overall direction" for financial management, along with signatures on SEC filings, "were insufficient to show how [defendants'] signature on and implicit approval of the 10-K reports was false"); *Johnson v. Tellabs, Inc.*, 262 F. Supp. 2d 937, 958–59 (N.D. Ill. 2003) (dismissing control person claim where no specific facts were alleged that defendants participated in the "day-to-day operations of the Company and, therefore, are presumed to have had the power to control or influence the particular transactions giving rise to the securities

violations"). This Court, accordingly, must dismiss the control person claims (Counts III and V) against AIP CF IV.

## CONCLUSION

This Complaint is deficient on every level. It does not establish that Lead Plaintiff has standing for any of its 1933 Act claims. It fails to allege facts to state a single primary claim for violations of securities laws. The offering documents upon which the Complaint relies stand contrary to Lead Plaintiff's conclusory allegations that AIP CF IV is a "statutory seller." Moreover, it fails to allege facts sufficient to conclude that AIP CF IV is liable as a "control person." When all is said and done, the Complaint contains a series of conclusory statements about AIP CF IV while reciting some of the elements of some of these claims, hoping that this Court will allow this matter to proceed. For these reasons as well as all of the grounds stated in the motion and supporting papers filed by the Other Defendants, this Court should dismiss all claims against AIP CF IV.

Dated this 11th day of January, 2019.

*/s/ Sean O'D. Bosack* _____
Sean O'D. Bosack, SBN 1029661
Daniel J. Blinka, SBN 1074288
David R. Konkel, SBN 1097244
GODFREY & KAHN, S.C.
833 East Michigan Street, Suite 1800
Milwaukee, WI 53202-5615
Phone: 414-273-3500
Fax: 414-273-5198
Email: sbosack@gklaw.com
DBlinka@gklaw.com
dkonkel@gklaw.com

Attorneys for AIP CF IV, LLC

20006835.8