| | |
|---|---|
| LEAH BITAR, Individually and on behalf of all others similarly situated, | Case No. 2:18-cv-1268-LA |
| Plaintiff, | |
| vs. | |
| REV GROUP, INC., TIMOTHY W. SULLIVAN, DEAN J. NOLDEN, THOMAS B. PHILLIPS, PAUL BAMATTER, JEAN MARIE CANAN, DINO CUSUMANO, CHARLES DUTIL, JUSTIN FISH, KIM MARVIN, and JOEL ROTROFF, | |
| Defendants. | |
| SETH MARINOFF, Individually and on behalf of all others similarly situated, | Case No. 2:18-cv-1269-LA |
| Plaintiff, | |
| vs. | |
| REV GROUP, INC., TIM SULLIVAN, and DEAN NOLDEN, | |
| Defendants. | |
| RAMANITHARAN RAJARAM, Individually and on behalf of all others similarly situated, | Case No. 2:18-cv-1270-LA |
| Plaintiff, | |
| vs. | |
| REV GROUP, INC., TIMOTHY W. SULLIVAN, DEAN J. NOLDEN, THOMAS B. PHILLIPS, PAUL BAMATTER, JEAN MARIE CANAN, DINO CUSUMANO, CHARLES DUTIL, JUSTIN FISH, KIM MARVIN, JOEL ROTROFF, GOLDMAN SACHS & CO. LLC, BMO CAPITAL MARKETS CORP., JEFFERIES LLC, STIFEL, NICOLAUS & COMPANY, INCORPORATED, MORGAN STANLEY & CO. | |

LLC, ROBERT W. BAIRD & CO.
INCORPORATED, CREDIT SUISSE
SECURITIES (USA) LLC, DEUTSCHE BANK
SECURITIES INC., AND WELLS FARGO
SECURITIES, LLC,

Defendants.

## MEMORANDUM IN OPPOSITION TO LEAD PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

**TABLE OF CONTENTS**

BACKGROUND ............................................................................................................................ 2

LEGAL STANDARD .................................................................................................................... 5

ARGUMENT ................................................................................................................................. 6

I.      THE COURT SHOULD DENY LEAVE FOR LEAD PLAINTIFF TO
        ABANDON THE 1933 ACT CLAIMS ............................................................................ 6

        A.      The Motion For Leave Is An Improper Attempt to Forum Shop and to
                Propagate Duplicative Litigation ......................................................................... 6

        B.      Lead Plaintiff's and Lead Counsel's Motive Further Supports Denial of
                the Motion to Amend ......................................................................................... 10

II.     IN THE ALTERNATIVE, THE COURT SHOULD DISMISS THIS ACTION
        OR, AT A MINIMUM, ORDER A DISMISSAL OF LEAD PLAINTIFF'S OWN
        1933 ACT CLAIMS WITH PREJUDICE ....................................................................... 11

CONCLUSION ........................................................................................................................... 13

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Alioto v. Town of Lisbon,*
 651 F.3d 715 (7th Cir. 2011) ........................................................................................2, 12

*Alloc v. Unilin Decor. N.V.,*
 No. 02-C-1266, slip op. (E.D. Wis. Aug. 11, 2003) ..........................................2, 5, 6, 9

*Collaboration Props., Inc. v. Tandberg ASA,*
 No. C 05 01940 MHP, 2006 WL 2398763 (N.D. Cal. June 27, 2006)...................................10

*Consumer Fin. Prot. Bureau v. Mortg. Law Grp., LLP,*
 No. 14-CV-513-WMC, 2017 WL 3581146 (W.D. Wis. Apr. 19, 2017)...............................12

*Diaz v. Ameriquest Mortg. Co.,*
 No. 09-cv-1151, 2014 WL 26265 (N.D. Ill. Jan. 2, 2014).................................................. *passim*

*Feldman v. Allegheny Int'l, Inc.,*
 850 F.2d 1217 (7th Cir. 1988) .......................................................................................5, 10

*Garner v. Kinnear Mfg. Co.,*
 37 F.3d 263 (7th Cir. 1994) ................................................................................................5

*Hernandez v. DMSI Staffing, LLC,*
 79 F. Supp. 3d 1054 (N.D. Cal. 2015)..........................................................................6, 7, 11

*Jones v. Sci. Colors, Inc.,*
 No. 00 C 0171, 2001 WL 883689 (N.D. Ill. Aug. 6, 2001).........................................12

*In re McKesson HBOC, Inc. Sec. Litig.,*
 126 F. Supp. 2d 1239 (N.D. Cal. 2000) ..............................................................................8

*Member Select Ins. Co. v. Cub Cadet, LLC,*
 No. 2:16-CV-436-JD-PRC, 2017 WL 563161 (N.D. Ind. Feb. 13, 2017)..............................5, 7

*Novelty, Inc. v. Mountain View Mktg., Inc.,*
 No. 1:07-cv-1229-SEB-JMS, 2009 WL 10687824 (S.D. Ind. Apr. 27, 2009) ....................2, 12

*Ohio Org. Collaborative v. Husted,*
 No. 2:15-cv-1802, 2015 WL 13022591 (S.D. Ohio Sept. 2, 2015).......................................6, 7

*Perrian v. O'Grady,*
 958 F.2d 192 (7th Cir. 1992) ..........................................................................................5, 9

*In re Rewalk Robotics Ltd. S'holder Litig.*,
    No. SUCV20163336BLS2, 2017 WL 7362342 (Mass. Super. Dec. 14, 2017)........................8

*Song v. Rom*,
    No. 1:15-CV-1438, 2017 WL 553237 (N.D. Ohio Feb. 10, 2017)..............................................7

*Talton v. Unisource Network Servs., Inc.*,
    No. 00-cv-7967, 2004 WL 3119007 (N.D. Ill. Dec. 21, 2004).................................................10

*W. Va. Laborers' Tr. Fund v. STEC, Inc.*,
    No. 30-2011-00489022-CU-SL-CXC, 2012 WL 12806605 (Cal. Super. Feb.
    17, 2012) ...............................................................................................................................8

## Statutes

15 U.S.C. § 77z-1(a)(3)(B)(ii) ................................................................................................8

Private Securities Litigation Reform Act of 1995 ("PSLRA").............................................. *passim*

## Other Authorities

Federal Rule of Civil Procedure 15 ....................................................................................... *passim*

Local Rule 7(h) ...................................................................................................................4, 11

REV Group, Inc. ("REV Group") and the individual Defendants (together, the "REV Defendants") oppose the motion filed by Houston Municipal Employees Pension System ("Lead Plaintiff") to amend its complaint (the "Motion to Amend," ECF No. 93) to the extent that Lead Plaintiff seeks leave to abandon the putative class's claims under the Securities Act of 1933 (the "1933 Act"). Contrary to what Lead Plaintiff now argues, the proposed complaint does not represent Lead Plaintiff throwing in the towel and giving the REV Defendants the relief that they sought in moving to dismiss the 1933 Act claims, or somehow simplifying this case. Instead, the proposed amendment is calculated to forum shop, split interrelated claims across two courts, and have this Court sanction and facilitate the pursuit of two overlapping actions, even though the state appeals court has determined thus far that the action under its jurisdiction should be stayed.

In response to the REV Defendants' disqualification motion, Lead Plaintiff and its counsel, Bernstein Liebhard LLP ("Lead Counsel"), left no mystery as to the purpose behind their proposed amendment. Rather than pursuing the 1933 Act claims as part of a single consolidated action before this Court, a job this Court appointed them to do, Lead Plaintiff and Lead Counsel are looking to abandon those claims here in order to clear the path for a competing state court class action, and every indication is that Lead Counsel is doing so as the result of an undisclosed fee-sharing arrangement between the class counsel in both actions. Indeed, Lead Plaintiff admits that its proposed amendment is nothing more than an attempt to forum shop—to cause the 1933 Act claims to proceed in a "favorable forum" with a "distinct tactical advantage." (ECF No. 78 at 9, 20.)

The Motion to Amend should be denied. Far from what Lead Plaintiff contends, in deciding the disqualification motion, this Court did not ignore the claim-splintering and judicial inefficiency that Lead Plaintiff's tactics would create, nor did it reject the burden that two

duplicative, overlapping actions would impose on the parties and the courts. Rather, the Court reasoned that the REV Defendants' arguments "might carry some water" were the motion before the Court "something other than a motion to disqualify . . . ." (ECF No. 86 at 5.) This is that motion. Under Federal Rule of Civil Procedure 15, litigants cannot amend pleadings to forum shop or to gain some other undue advantage and prejudice the non-movant. Rule 15 is "not a license for . . . gamesmanship," *Diaz v. Ameriquest Mortg. Co.*, No. 09-cv-1151, 2014 WL 26265, at *3 (N.D. Ill. Jan. 2, 2014) (quoting *Feldman v. Allegheny Int'l, Inc.*, 850 F.2d 1217, 1225 (7th Cir. 1988)), and courts have denied motions to amend driven by "perceived forum shopping" or where the amendment would have "the effect of further splintering . . . litigation." *Alloc v. Unilin Decor. N.V.*, No. 02-C-1266, slip op. at 3 (E.D. Wis. Aug. 11, 2003). Those concerns are undeniably present here, and mandate denial of the Motion to Amend.

Alternatively, Lead Plaintiff's failure to respond to Defendants' dispositive motions is grounds for dismissal of this action in its entirety. *See Alioto v. Town of Lisbon*, 651 F.3d 715, 722 (7th Cir. 2011). At a minimum, should the Court allow leave to amend, it should only do so on the condition that the dismissal of Lead Plaintiff's 1933 Act claims is with prejudice. *See, e.g.*, *Novelty, Inc. v. Mountain View Mktg., Inc.*, No. 1:07-cv-1229-SEB-JMS, 2009 WL 10687824, at *2 (S.D. Ind. Apr. 27, 2009).

## **BACKGROUND**

REV Group is a specialty vehicle manufacturer headquartered in Wisconsin. (*See* ECF No. 43 ¶¶ 4, 25.) The first of multiple putative securities class actions against REV Group and its co-defendants was filed on June 8, 2018, the day after REV Group's stock price dropped following the Company's announcement of its second quarter fiscal 2018 results. REV Group announced that its top-line revenues had grown for the quarter, but that supply chain turmoil in the wake of the U.S. Government's new tariffs on steel and aluminum imports had impacted its bottom-line

profits. The Company lowered its projections for its full fiscal year EBITDA performance, and this litigation—as well as other overlapping putative class actions—quickly followed.

This consolidated action is comprised of the first-filed action and two other lawsuits, all of which were voluntarily transferred to this Court in August 2018. The underlying complaints in this action each asserted claims under the 1933 Act, and two of the underlying actions also included claims under the Securities Exchange Act of 1934 (the "1934 Act").[1] In addition to this action, there has been a parallel Wisconsin state court putative class action, consolidated under the caption *Yandoli v. REV Group, Inc., et al.*, No. 2018-cv-001163, in the Waukesha County Circuit Court. Plaintiffs' counsel in the *Yandoli* action is Robbins Geller Rudman & Dowd LLP. The *Yandoli* action includes only 1933 Act claims, and it is stayed by order of the Wisconsin Court of Appeals, which granted interlocutory review of the trial court's denial of Defendants' motion to stay the state court proceedings in light of the pendency of this action.

Following their appointment by this Court under the PSLRA to serve in "lead" roles for both 1933 Act and 1934 Act claims, Lead Plaintiff and Lead Counsel filed their Consolidated Amended Complaint (the "Consolidated Complaint") on November 26, 2018. (ECF No. 43.) The Consolidated Complaint asserted 1933 Act claims arising from REV Group's initial and secondary public offerings on behalf of purchasers in or traceable to those offerings, as well as 1934 Act claims on behalf of an alleged class of purchasers of REV Group stock between October 10, 2017 and June 7, 2018. (*Id.* ¶¶ 2–3.) REV Group and its co-defendants moved to dismiss the Consolidated Complaint on January 11, 2019. (ECF Nos. 57, 59.)

Lead Plaintiff did not respond to Defendants' motions. Instead, on February 28, 2019, the

---

[1] *See* ECF No. 1 at ¶¶ 65–93 (1933 and 1934 Act claims); Compl. at ¶¶ 36–49, ECF No. 1, *Marinoff v. REV Group, Inc. et al.*, No. 2:18-cv-1269 (E.D. Wis. June 8, 2018) (1933 Act claims); Compl. at ¶¶ 75–103, ECF No. 1, *Rajaram v. REV Group, Inc. et al.*, No. 2:18-cv-5693 (E.D. Wis. June 27, 2018) (1933 and 1934 Act claims).

same day Lead Plaintiff's response was due, Lead Counsel filed an "expedited" motion for leave to file a proposed Second Amended Complaint to drop the 1933 Act claims and to amend the allegations in support of the 1934 Act claims to strike statements attributed to multiple confidential witnesses.[2]  In its motion, Lead Plaintiff offered no explanation why expedited review was merited under Local Rule 7(h), nor why it sought to abandon class claims that it had been appointed under the PSLRA to pursue.  The REV Defendants responded by indicating that they intended to move to disqualify Lead Plaintiff and Lead Counsel and by asking the Court to defer a decision on the Local Rule 7(h) motion.  (ECF No. 67.)  The REV Defendants then moved to disqualify Lead Plaintiff and Lead Counsel on March 11, 2019.  (ECF No. 72.)

On July 10, 2019, the Court denied the REV Defendants' disqualification motion.  (ECF No. 86.)  Although the Court denied the motion, its Order accepted the REV Defendants' recitation of the events that had precipitated the motion—events that Lead Plaintiff and Lead Counsel had largely admitted in their opposition brief.  In particular, the Court explained that Lead Plaintiff and Lead Counsel "appear[ed] to concede" that they had "strategically coordinated" with the state court counsel, and that they "dropped the '33 Act claims . . . in order that the state court action might proceed."  (*Id.* at 3.)  The Court also recognized that Lead Counsel justified the abandonment of the 1933 Act claims on the basis that the Wisconsin state court is supposedly a "more favorable" forum where "the '33 Act class was more likely to prevail."  (*Id.* at 3, 5.)

The Court held a status conference on July 30, 2019, at which it required Lead Plaintiff to brief its Motion to Amend on a non-expedited basis, and set a briefing schedule for the motion.

---

[2] Lead Plaintiff and Lead Counsel cannot argue that their attempt to drop the 1933 Act claims has anything to do with the REV Defendants' challenge, as referenced in ECF No. 78 at 8, 14–15, to the allegations attributed to Confidential Witness 1 ("CW1").  Lead Plaintiff and Lead Counsel have themselves conceded that the CW1 allegations implicated the 1934 Act claims, not the 1933 Act claims.  (*Id.* at 26.)

## LEGAL STANDARD

Whether a party may amend a complaint with leave of court is governed by Federal Rule of Civil Procedure 15. Fed. R. Civ. P. 15(a)(2). "While leave to amend should be freely given when justice requires, district courts have broad discretion to deny motions to amend in cases of undue delay, bad faith or dilatory motives, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice or futility." *Garner v. Kinnear Mfg. Co.*, 37 F.3d 263, 269 (7th Cir. 1994). Courts frequently deny motions to amend where the record suggests that the movant is attempting to forum shop. *See, e.g.*, *Diaz*, 2014 WL 26265, at *4; *Alloc*, No. 02-C-1266, slip op. at 3. In addition, denial of leave is proper to avoid undue prejudice to the non-movant, to prevent duplicative and burdensome litigation, and to conserve judicial resources. *See Diaz*, 2014 WL 26265, at *1–4; *see also Perrian v. O'Grady*, 958 F.2d 192, 195 (7th Cir. 1992) ("The burden to the judicial system can justify a denial of a motion to amend even if the amendment would cause no hardship at all to the opposing party." (quotation omitted)).

Rule 15 is "not a license for . . . gamesmanship," *Feldman*, 850 F.2d at 1225, and, in weighing a motion for leave to amend, a court should also consider "the movant's motive." *Diaz*, 2014 WL 26265, at *3. Specifically, courts have denied motions for leave to amend that are motivated by an attempt to evade a dismissal on the merits as having been brought in "bad faith." *Member Select Ins. Co. v. Cub Cadet, LLC*, No. 2:16-CV-436-JD-PRC, 2017 WL 563161, at *1–3 (N.D. Ind. Feb. 13, 2017).

Lead Counsel miscast their proposed amendment as some sort of capitulation and as giving the REV Defendants what they asked for. The reality is just the opposite. By their amendment, they seek to activate a state court action that presently remains stayed, move a subset of their claims to a forum they perceive as more favorable, and thereby subject the REV Defendants and the courts to duplicative litigation—all pursuant to an undisclosed fee-sharing arrangement to benefit Lead

Counsel.  Properly applied, Rule 15 tolerates no such outcome.

## ARGUMENT

### I.  THE COURT SHOULD DENY LEAVE FOR LEAD PLAINTIFF TO ABANDON THE 1933 ACT CLAIMS

#### A.  The Motion For Leave Is An Improper Attempt to Forum Shop and to Propagate Duplicative Litigation

As the Court has already recognized, the impetus for the Motion to Amend is Lead Plaintiff's and Lead Counsel's desire for the 1933 Act claims to be pursued in the parallel state court proceeding.  (ECF No. 86 at 3.)  Lead Plaintiff and Lead Counsel have represented to this Court that the Wisconsin state court action is a more "favorable forum" and presents "a distinct tactical advantage," including a purportedly lower pleading standard and the supposed absence of a mandatory discovery stay pending resolution of any motions to dismiss.  (ECF No. 78 at 9, 20.) In short, Lead Plaintiff and Lead Counsel themselves have explicitly confirmed for this Court that the Motion to Amend is an attempt to shop for what they perceive to be a better forum.

Courts routinely deny leave to amend—even when a party is looking to dismiss a claim— where the motive for an amendment is "perceived forum shopping."  *See, e.g.*, *Alloc*, No. 02-C-1266, slip op. at 3.  Evidence of forum shopping "counsels against granting . . . leave to amend," and alone constitutes a sufficient basis to deny this motion.  *See Ohio Org. Collaborative v. Husted*, No. 2:15-cv-1802, 2015 WL 13022591, at *6 (S.D. Ohio Sept. 2, 2015); *Hernandez v. DMSI Staffing, LLC*, 79 F. Supp. 3d 1054, 1059 (N.D. Cal. 2015) (denying motion for leave because "the facts suggest that Plaintiff has engaged in forum-shopping," and the "motion to amend appears to have been brought to avoid the possibility of an adverse ruling"); *see also Diaz*, 2014 WL 26265, at *4. *Ohio Organizing Collaborative* is particularly illustrative, because it rejected the same tactic that Lead Counsel is attempting to deploy here.  There, plaintiffs who had brought claims challenging certain state voting laws sought leave to amend to drop those claims only three months

after first asserting them, to allow the claims to be litigated in a parallel state court action with a less aggressive trial schedule. 2015 WL 13022591, at *6. The district court soundly rejected that attempt: "It is axiomatic that forum shopping is not grounds for granting leave to amend and counsels against granting [movant] leave to amend in this case." *Id.* Other federal courts have similarly denied motions for leave where the proposed amendment reflected an apparent desire to shift the litigation to state court. *See, e.g.*, *Song v. Rom*, No. 1:15-CV-1438, 2017 WL 553237, at *3 (N.D. Ohio Feb. 10, 2017) (denying motion to amend where movant's motivation was to exit federal court); *Hernandez*, 79 F. Supp. 3d at 1059 (denying leave to amend to drop claim that plaintiff had brought in duplicative state action).

In addition, Lead Plaintiff and Lead Counsel only moved for leave to amend to abandon the 1933 Act claims *after* Defendants moved to dismiss. As the Court has recognized, Lead Counsel seek to justify the proposed amendment on the basis that the putative class members are "more likely to prevail" in the state court action (*see* ECF No. 86 at 5), where Lead Counsel has argued there is a lower pleading burden and the absence of a mandatory discovery stay. (*See* ECF No. 78 at 9, 20–21.) Courts in the Seventh Circuit and beyond have repeatedly acknowledged that parties should not exploit Rule 15 to evade an adverse judgment on the merits of a claim, and to shop not only for a different forum, but a different result. "Proposed amendments that clearly try to avoid unfavorable consequences on the merits or gain a tactical advantage are brought in bad faith." *Member Select*, 2017 WL 563161, at *2 (denying motion to amend attempting to forum shop away from a likely negative result on the merits); *see also Hernandez*, 79 F. Supp. 3d at 1059 (denying motion for leave that appeared to "have been brought to avoid the possibility of an adverse ruling on the pending motion to compel arbitration").

Here, moreover, Lead Plaintiff is not merely attempting to forum shop, but to subvert the

core provisions and legislative intent of the PSLRA in the process.  The PSLRA's consolidation and lead counsel procedures were intended to prevent "lawyers from fomenting *unnecessary and duplicative* litigation" by creating a single "lead" action, in which all class claims are consolidated and pursued in the same case.  *In re McKesson HBOC, Inc. Sec. Litig.*, 126 F. Supp. 2d 1239, 1243 (N.D. Cal. 2000) (emphasis added); *see* 15 U.S.C. § 77z-1(a)(3)(B)(ii).  Lead Plaintiff touts the supposed efficiencies that dropping the 1933 Act claims would create for this action (*see* ECF No. 93 at 6), looking to shift focus away from a critical point: ***if the Motion to Amend were granted, there would be no "lead" counsel or plaintiff prosecuting all federal securities law claims that have been advanced on behalf of REV Group shareholders***.  Instead, there would be two actions proceeding at the same time in two courts, challenging many of the same public statements by REV Group over much of the same period, with similar legal claims arising out of the exact same drop in REV Group's stock price and involving the same nucleus of operative fact.  Allowing two parallel actions to proceed simultaneously would unavoidably result in a needless duplication of effort by the parties, would multiply the attorneys' fees borne by absent class members, and would introduce a serious risk of inconsistent rulings.  *See, e.g.*, *In re Rewalk Robotics Ltd. S'holder Litig.*, No. SUCV20163336BLS2, 2017 WL 7362342, at *1 (Mass. Super. Dec. 14, 2017) (staying 1933 Act claims in state court in deference to parallel federal action, reasoning that litigating in two forums "is not a wise use of judicial or litigation resources"); *W. Va. Laborers' Tr. Fund v. STEC, Inc.*, No. 30-2011-00489022-CU-SL-CXC, 2012 WL 12806605, at *1 (Cal. Super. Feb. 17, 2012) (same, emphasizing the potential "for inconsistent rulings and unseemly conflict").  In short, allowing amendment would not only prejudice the REV Defendants, but unnecessarily waste limited judicial resources.

The Court did not overlook this risk in deciding the disqualification motion, but instead

held that the REV Defendants' arguments going to "the conservation of judicial resources" were not a basis to disqualify Lead Plaintiff and Lead Counsel from their appointed roles.  (ECF No. 86 at 5.)  Nor did the Court credit the arguments Lead Counsel had made in opposing disqualification (which they repeat here) that the 1933 and 1934 Act claims are somehow different enough to justify claim splitting.[3]  The Court instead made clear that the REV Defendants' arguments about the need to avoid duplicative litigation "might carry some water" were a different motion at issue— a motion that called upon the Court, as Rule 15 does here, to weigh considerations beyond its "responsibility . . . to absent class members."  (ECF No. 86 at 5.)

The Seventh Circuit has explicitly held that "[t]he burden to the judicial system can justify a denial of a motion to amend even if [unlike here] the amendment would cause no hardship at all to the opposing party."  *Perrian*, 958 F.2d at 195 (quotation omitted).  Courts accordingly have denied leave to amend where the proposed amendment would "splinter[]" related claims across multiple forums, taxing judicial resources and creating substantial prejudice to non-movants by multiplying litigation costs in the process.  *See Alloc*, No. 02-C-1266, slip op. at 3 (denying motion to amend in light of the likely outcome of "further splintering th[e] litigation"); *see also*

---

[3] The 1934 Act claims before this Court and the 1933 Act claims before the state court are not somehow remarkably "different."  (*Contra* ECF No. 93 at 8–9.)  Both claims assert violations of the federal securities laws against an overlapping set of defendants, with the same core defendants.  (*Compare* ECF No. 66-1 ¶¶ 28–30, *with* ECF No. 81-1, *Yandoli* Consolidated Amended Complaint, ¶¶ 19–21.)  Both claims attack many of the exact same public statements; indeed, the focus of the 1934 Act claims is the forward-looking financial guidance that REV Group provided to the market in October 2017, which the state court complaint attempts to infuse as part of its case. (*Compare* ECF No. 66-1 ¶¶ 6–14, 41–61, 75–77, 80–86, 100–105, *with* ECF No. 81-1 ¶¶ 7, 126–128, 148.)  Both claims, moreover, allege that REV Group's public statements were false or misleading for the same reasons, relating to supposed operational issues around steel tariffs, chassis unavailability, supply chain constraints, rising commodity prices, and an allegedly unfavorable sales mix.  (*Compare* ECF No. 66-1 ¶¶ 7, 20, 61, 67, 72, 74, 97–99, 102, 106, 109, 115, 125, 128–129, *with* ECF No. 81-1 ¶¶ 3, 8, 11–12, 45, 50–55, 61–63, 75–81, 84, 90–96, 101–104, 119, 122, 136–140, 143, 145, 150, 154, 161, 169.)  Any discovery in these actions would thus address the same issues, because both cases arise from the same core nucleus of operative fact.  In addition, numerous purchasers with 1933 Act claims also fall within the 1934 Act putative class.  This is because one of the offerings at issue in the 1933 Act claims— REV Group's secondary public offering, commenced on October 12, 2017—falls squarely within the class alleged for the 1934 Act claims, which includes purchasers of REV Group stock between October 10, 2017 and June 7, 2018.  (*See* ECF No. 66-1 ¶¶ 3, 49, 133.)  Such overlap and duplication, if allowed, run directly contrary to Fed. R. Civ. P. 15, the mandate of the PSLRA, and any defensible notion of judicial efficiency.

*Collaboration Props., Inc. v. Tandberg ASA*, No. C 05 01940 MHP, 2006 WL 2398763, at *4 (N.D. Cal. June 27, 2006) (denying motion to amend that would result in "multiple lawsuits which essentially are between the same parties" and that would thwart "the ability to conduct litigation in an efficient, economical manner").

Consistent with its order on the disqualification motion, where the Court recognized that concerns going to "the conservation of judicial resources" are implicated here (ECF No. 86 at 5), the Court should not endorse Lead Plaintiff's and Lead Counsel's attempt to forum shop for a perceived tactical advantage. This is particularly true because the result would unduly prejudice the REV Defendants and the judicial system through the undoing of the PSLRA's lead plaintiff provisions. If there are two parallel actions, the Defendants and two courts would be forced to engage in multi-front motions to dismiss, discovery, summary judgment motions, and, ultimately, trials on related and overlapping claims. Such a result is a far cry from the "efficient administration of justice" that Rule 15 is intended to promote. *Collaboration Props.*, 2006 WL 2398763, at *2.

**B. Lead Plaintiff's and Lead Counsel's Motive Further Supports Denial of the Motion to Amend**

A movant's motive is relevant to the Rule 15 analysis, and "unfair strategic gamesmanship" alone justifies denying leave to amend. *Talton v. Unisource Network Servs., Inc.*, No. 00-cv-7967, 2004 WL 3119007, at *6 (N.D. Ill. Dec. 21, 2004) (denying motion to amend answer); *see Diaz*, 2014 WL 26265, at *3–4; *Feldman*, 850 F.2d at 1225. The motivations behind Lead Plaintiff's and Lead Counsel's attempt to abandon the 1933 Act claims reinforce that this Court should deny the Motion to Amend.

During the briefing on the disqualification motion and at the hearing before this Court, Lead Counsel all but conceded, and certainly never denied, entering into a fee-sharing arrangement in which Lead Plaintiff and Lead Counsel—in exchange for a share of any recovery obtained by

the plaintiffs' counsel in the state action—agreed to drop the very 1933 Act claims that this Court appointed them (over other competing plaintiffs and firms) to pursue. The record thus not only confirms that Lead Plaintiff and Lead Counsel are attempting to forum shop, but raises the specter that Lead Counsel's attempt to do so (as class counsel under the supervision of this Court) is intended to serve their own financial self-interest as opposed to achieving what is in the best interest of the putative class. Such improper motives merit denial of the Motion to Amend. *See Diaz*, 2014 WL 26265, at *3 (finding that "motive" supported denial of leave to amend); *Hernandez*, 79 F. Supp. 3d at 1059 (affirming denial of leave to amend where plaintiff failed to justify why she filed a duplicative state court action, which would allow her to "hedge her bet" if remand motion failed and to "manipulate the risk of compelled arbitration").

## II. IN THE ALTERNATIVE, THE COURT SHOULD DISMISS THIS ACTION OR, AT A MINIMUM, ORDER A DISMISSAL OF LEAD PLAINTIFF'S OWN 1933 ACT CLAIMS WITH PREJUDICE

Lead Plaintiff did not file an opposition to Defendants' motions to dismiss the 1933 and 1934 Act claims. (*See* ECF Nos. 44, 56–60.) Instead, on the very day its opposition was due, Lead Plaintiff attempted to substitute a new pleading to abandon the 1933 Act claims. Notably, Lead Counsel did so in an "expedited" Local Rule 7(h) motion where they failed to provide any indication of the circumstances prompting the proposed amendment. It was only after the REV Defendants moved for disqualification that Lead Counsel apprised the Court of the reasons why they now seek to jettison the 1933 Act claims—as the Court has since recognized, so "that the state court action might proceed." (ECF No. 86 at 3.) At no point did Lead Plaintiff oppose Defendants' motions to dismiss, or otherwise address the issues identified in those motions to dismiss that made Lead Plaintiff's claims under both the 1933 Act and the 1934 Act fail as a matter of law.

Particularly given the conduct of Lead Plaintiff and Lead Counsel, the Court should dismiss this action if the Court does not deny leave to amend. The Motion to Amend is no substitute for

-11-

an opposition as a matter of law. *Alioto v. Town of Lisbon*, 651 F.3d 715, 722 (7th Cir. 2011). *Alioto*, in fact, addressed this same posture: the plaintiff waited until the deadline for responding to defendants' motions to dismiss and then filed a brief seeking leave to amend instead of opposing the dismissal motions. *Id.* at 718–19. The motion for leave, as here, did not set forth how the proposed amendment cured the deficiencies that the defendants' motions had identified in the existing complaint. *Id.* The Seventh Circuit affirmed the district court's ruling denying leave to amend, and emphasized that because the plaintiff "no longer retained the right to amend his complaint, *the* appropriate response to the motions to dismiss was to oppose the motions or risk abandoning the litigation." *Id.* at 722 (emphasis in original). Likewise, dismissal of this action in its entirety is an appropriate outcome here.

At a minimum, if the proposed amendment is allowed, the Court should require that the dismissal as to this party—Lead Plaintiff—be with prejudice as a condition to obtaining the Court's leave to file the Second Amended Complaint.[4] The Court has the authority pursuant to Rule 15 to impose the condition of a "with prejudice" dismissal for allowing an amendment that voluntarily dismisses a cause of action, particularly where, as here, the defendant has already incurred the expense of having to defend against that claim. *See Novelty, Inc.*, 2009 WL 10687824, at *2 (imposing condition of with-prejudice dismissal); *Jones v. Sci. Colors, Inc.*, No. 00 C 0171, 2001 WL 883689, at *2 (N.D. Ill. Aug. 6, 2001) (same); *see also Consumer Fin. Prot. Bureau v. Mortg. Law Grp., LLP*, No. 14-CV-513-WMC, 2017 WL 3581146, at *4 (W.D. Wis. Apr. 19, 2017) (granting motion to amend on condition that certain counts be dismissed with prejudice). Such relief is warranted, particularly in light of the investment of resources that the REV

---

[4] To be clear, as an alternative ruling, the REV Defendants seek a with-prejudice dismissal of the 1933 Act claims only as to the Lead Plaintiff itself, *not* as to the entire putative class—contrary to what Lead Counsel incorrectly suggests. (*See* ECF No. 93 at 7 n.2.)

Defendants were forced to make in defending against the 1933 Act claims before this Court, including in moving to dismiss those very claims before Lead Plaintiff sought to change course.

## **CONCLUSION**

This Court should deny the Motion to Amend to the extent Lead Plaintiff seeks to abandon the 1933 Act claims or, alternatively, should dismiss this action in full rather than allow the filing of the Second Amended Complaint. At a minimum, if this Court grants the Motion to Amend, the dismissal of Lead Plaintiff's 1933 Act claims should be with prejudice.

Dated: September 3, 2019

Respectfully submitted,

*Attorneys for Defendants REV GROUP, INC.,
TIMOTHY W. SULLIVAN, DEAN J. NOLDEN,
THOMAS B. PHILLIPS, PAUL BAMATTER,
JEAN MARIE CANAN, DINO M. CUSUMANO,
CHARLES DUTIL, JUSTIN FISH, KIM A.
MARVIN, JOEL M. ROTROFF, AND DONN J.
VIOLA*

By: */s/ Susan E. Lovern*

Susan E. Lovern, SBN 1025632
Kelly J. Noyes, SBN 1064809
Derek J. Waterstreet, SBN 1090730
von Briesen & Roper, s.c.
411 E. Wisconsin Avenue, Suite 1000
Milwaukee, Wisconsin 53202
Tel.: (414) 276-1122
Fax: (414) 276-6281
*slovern@vonbriesen.com*
*knoyes@vonbriesen.com*
*dwaterstreet@vonbriesen.com*

Randall W. Bodner
Mark A. Cianci
ROPES & GRAY LLP
Prudential Tower
800 Boylston Street
Boston, Massachusetts 02199-3600
Tel.: (617) 951-7000
Fax: (617) 951-7050
*randall.bodner@ropesgray.com*
*mark.cianci@ropesgray.com*

Anne Johnson Palmer
ROPES & GRAY LLP
Three Embarcadero Center
San Francisco, California 94111-4006
Tel.: (415) 315-6300
Fax: (415) 315-6350
*anne.johnsonpalmer@ropesgray.com*